GORES, Administrator, and others, Respondents, vs. FIELD, imp., Appellant.

SAME, Respondents, vs. MURPHY, imp., Appellant.

*December 7, 1900 — March 19, 1901.*

*Banks and banking: Insolvency: Liability of officers for mismanagement: Action by creditors: Pleading: Joinder of causes of action: Limitation of actions: Clerical mistake in date: "Liability created by law:" Liability of cashier: Parties: Voluntary assignment.*

1. In an action by creditors of an insolvent bank against its officers, a complaint stating a cause of action for the recovery of moneys of the bank negligently dissipated by defendants contained allegations to the effect that false statements as to the solvency of the bank were given out and published by defendants and that plaintiffs relied thereon in making their deposits. *Held,* that the purpose of these allegations was to give a full statement of the acts of the defendants in their management of the bank, rather than to state grounds for recoveries by plaintiffs individually on the ground of deceit, and that there was no misjoinder of causes of action.

2. An allegation, in such case, that "the legal liability of stockholders to contribute to the loss of said corporation has been enforced and paid," does not imply that any *action* to enforce the stockholders' liability has ever been brought.

3. The complaint also alleged that a certain defendant ceased to be a director of the bank February 23, 1893; that the bank made a voluntary assignment June 1, 1893; that the assignee duly qualified and entered upon his duties, and was still in possession of the assets of the bank; and that the plaintiff did not know the facts until the filing of the inventory, June 21, *1899.* Sec. 1697, Stats. 1898, requires the assignor to file an inventory within twenty days

Gores and others vs. Field.

after the assignment, and there was no allegation that such duty had not been performed. *Held*, that the complaint showed on its face that the date June 21, *1899*, was an error, and did not show that the action was commenced more than six years after the cause of action accrued.

4. Sec. 4252, Stats. 1898 (providing that actions against directors or stockholders of a moneyed corporation or banking association to recover a forfeiture imposed or to enforce a "liability created by law" may be commenced within six years after discovery of the facts by the aggrieved party), refers to liabilities created by statute law and not to common-law liabilities. *Hurlbut v. Marshall*, 62 Wis. 590, distinguished.

5. In an action against the officers and directors of a bank to recover for losses sustained by reason of their mismanagement, an allegation in the complaint that "by the negligence and want of ordinary care and diligence on the part of the defendants, *and each of them*, in the discharge of their duties as directors *and managers* of the bank" they permitted and allowed the funds and deposits therein and belonging thereto to be lost and said bank to be made insolvent," is *held* to include the cashier (who was not a director) as one of the delinquent officers, although many of the specific acts charged could ordinarily have been done only by the directors.

6. In an action by creditors of an insolvent banking corporation, which has made an assignment for the benefit of creditors, to recover from its directors and officers losses sustained by reason of their mismanagement, the assignee is a necessary party, but the corporation, which for all practical purposes has ceased to exist, is not.

7. In such a case it is not sufficient that the assignee of the corporation is individually a party, but he must be made a party in his official capacity.

APPEALS from orders of the circuit court for Milwaukee county: JAMES J. DICK, Judge. *Reversed.*

. These are appeals from orders overruling separate demurrers by the appellants, *Field* and *Murphy*, to an amended complaint in the same action as that of *Gores v. Day*, 99 Wis. 276, and *Gores v. Elliott*, 108 Wis. 465. As stated in those cases, the action is one in equity, brought by a creditor of the Plankinton Bank, an insolvent state banking corporation, against the officers of the bank, to recover funds and property of the corporation alleged to have been

lost by the negligence and fraud of said officers in the management of the bank. The original complaint is sufficiently stated in the cases above referred to. After the commencement of the action and service of the original complaint, an amended complaint and summons were served in the action, by which the appellants, *Field* and *Murphy*, were added as parties defendant in the action, and some changes were made in the original complaint by way of addition and omission, although the allegations of the original complaint are, in the main, retained. So far as necessary to the consideration of the questions in this case, the changes in the original complaint may be briefly stated as follows:

In said original complaint it was stated that the directors of the bank, on the 1st of June, 1893, and for a long time prior thereto, were Frederick T. Day, James G. Jenkins, William Plankinton, F. W. Noyes, William H. Momson, and Charles L. Clason, but nowhere in said complaint was it charged that the defendant *Murphy* was an officer or in any way connected with said bank. In the amended complaint, however, the name of W. H. Momson as director is dropped out, and it is charged that the defendant *Field* was a director of said bank prior to the 23d of February, 1893, and that after February 23, 1893, the defendant *Elliott* succeeded the defendant *Field* as director. The amended complaint further alleged that the defendant *Murphy* was cashier of said bank from its organization to the 23d of January, 1893, and that he participated in various ways in the negligent management of the bank by its directors. The amended complaint charges the same acts of negligent and corrupt management by the officers of the bank as those charged in the original complaint, except that the allegation in the original complaint charging the unlawful payment of dividends is omitted. A new allegation is also contained in the amended complaint to the effect that the alleged fraudulent acts and doings of said defendants did not become known to the

plaintiffs until after the filing of the inventory of the Plank-
inton Bank by William Plankinton, assignee thereof, June
21, 1899, and could not, by the exercise of reasonable care,
have become known to the plaintiffs, or any of them, prior
to that time.

The demurrers were based upon the following grounds:
first, that there is a defect of parties, in that neither the
Plankinton Bank nor William Plankinton, as assignee, is
made a party; second, that several causes of action have
been improperly united; third, that the plaintiffs have an
adequate remedy at law; fourth, that said action was not
commenced within the time limited by sec. 4222, Stats. 1898;
and, fifth, that no sufficient facts are stated to constitute a
cause of action against either of the appellants.

*C. T. Hickox,* for the appellant *Field.*

For the appellant *Murphy* there was a brief by *Miller,
Noyes & Miller,* and oral argument by *Geo. H. Noyes.*

For the respondents there was a brief by *Mock & Wittig,
M. M. Riley,* and *J. G. Cox,* attorneys, and *Moritz Wittig,*
of counsel, and a separate brief by *Joseph B. Doe,* of coun-
sel, and oral argument by *Mr. Moritz Wittig* and *Mr. Doe.*

The following opinion was filed January 8, 1901:

WINSLOW, J.   The amended complaint, to which the de-
murrers before us were interposed, contained the same alle-
gations of official misfeasance and nonfeasance (with one
immaterial omission) as those contained in the original com-
plaint, which was passed upon by this court in the case of
*Gores v. Day,* 99 Wis. 276.   The grounds of demurrer which
were considered and decided in that case were the general
ground that no cause of action was stated, and the further
ground that the court had no jurisdiction of the subject of
the action.   It was there held, in substance, that the com-
plaint stated an equitable cause of action at common law,
namely, an action by a creditor to enforce the right of the

corporation to compel corporate officers to account for and pay over to the assignee assets of the bank lost through their wrongdoing. This was the sum and substance of that decision, and we are entirely satisfied with the conclusions there reached upon the questions presented, and shall not re-examine them. There are, however, other questions now presented which require consideration.

1. It is argued that two causes of action have been improperly joined, namely, an action in equity to recover of bank officers moneys of the bank negligently dissipated, and an action at law for damages suffered by a depositor who was induced to deposit his money in the bank by deceitful representations as to its solvency. Were the premises of the argument correct, doubtless the conclusion would follow, because not only is the one an action in equity and the other an action at law, but the former is brought to enforce a right of action accruing to the bank, in which the recovery, if any, must go to the assignee for distribution, and the latter is brought to enforce a liability for damages to the individual creditor, caused by the deceit. *Killen v. Barnes*, 106 Wis. 546.

It is true that the complaint contains allegations to the effect that false statements as to the solvency of the bank were given out and published by the defendants, and that the plaintiffs relied thereon in making their deposits, and it is certainly true that these allegations would be pertinent and necessary in an action at law for deceit; but, viewing the complaint as a whole, we do not regard them as introduced in this action for the purpose of claiming individual recoveries by the plaintiffs on that ground, but rather as historical in their nature, and simply as intended to fully place before the court a full statement of the acts of the defendants in their management of the affairs of the bank. Such was, in effect, the conclusion reached in the case of *Gager v. Marsden*, 101 Wis. 598, where similar allegations

Gores and others vs. Field.

were contained in the complaint, although the effect of the allegations in question is assumed and not discussed in the opinion.

2. It is argued that the complaint shows that an action has already been brought to close up the affairs of the corporation, and therefore that no subsequent action can be maintained; citing *Foster v. Posson,* 105 Wis. 99, and *Cunningham v. Wechselberg,* 105 Wis. 359. The allegation relied upon is as follows: "That the legal liability of stockholders to contribute to the loss of said corporation, as plaintiffs are advised and believe, has been enforced and' paid." It is sufficient to say, as to this contention, that it does not imply that any *action* to enforce the liability of stockholders has ever been brought. The stockholders may have discharged their liabilities upon demand and without action, and such payment would properly be alleged as an enforced payment. Even if the allegation in question implied the bringing of an action, it would not necessarily follow that such action was a winding-up action.

3. The defendant *Field* insists that the complaint shows that more than six years has elapsed since the cause of action accrued against him, and hence that it is barred by sec. 4222, Stats. 1898. The complaint alleges that *Field* ceased to be a director February 23, 1893. Another allegation of the complaint is to the effect that the plaintiffs did not know the facts until the filing of the inventory of the bank by William Plankinton, the assignee, to wit, on the 21st of June, *1899.* Hence it is argued that the complaint, on its face, shows that the action could not have been commenced until after June 21, 1899, or more than six years after *Mr. Field's* official connection with the bank ceased. The difficulty with the argument is that the complaint shows on its face that the date of June 21, *1899,* is an error. The complaint shows that the voluntary assignment of the bank to Mr. Plankinton was made June 1, 1893, and that the assignee duly quali-

fied and entered on his duties, and was still in possession of the assets of the bank when the complaint was drawn. The statute requires the assignor to file its inventory, certified by the assignee, within twenty days after the assignment (Stats. 1898, sec. 1697), and there is no allegation that such duty was not performed. How it could be delayed for six years is certainly not apparent. We think that no such effect can reasonably be given this allegation as the appellant claims; that it must be considered a clerical error, and hence can furnish no basis for a conclusion as to when the action was commenced. So concluding, we cannot say that there is anything on the face of the complaint to show that more than six years has elapsed since the cause of action accrued and before the action was commenced against *Mr. Field.*

In this connection a contention made by the respondent should properly be noticed to the effect that the statute of limitations properly applicable to this action is not sec. 4222, Stats. 1898, which is the general six-year limitation statute, but rather sec. 4252, which provides, in substance, that actions against directors or stockholders of a moneyed corporation or banking association to recover a forfeiture imposed or enforce a liability " created by law " may be brought within six years after discovery of the facts by the aggrieved party. We are satisfied that the words " liability created by law " refer to a liability created by statute law, and that, as the liabilities attempted to be enforced in this action are common-law liabilities, the section cannot be held to apply. Such was the ruling upon a statute identical in terms in New York. *Brinckerhoff v. Bostwick,* 99 N. Y. 185. See *State v. Grove,* 77 Wis. 448.

4. It is claimed in behalf of the defendant *Murphy* that the complaint does not charge him with any act of mismanagement by which the assets of the bank were lost. *Murphy* was not a director of the bank, but simply cashier; and it is

certainly true that many of the acts charged,— such as allowing the defendant Day to have control and management of the bank,— are acts which, ordinarily at least, could only be done by the directors; but there are some allegations in the complaint, which, though very general in their nature, we think must be reasonably construed as charging that moneys of the bank were lost by the negligence of the cashier. One of these allegations is to the effect that, "by the negligence and want of ordinary care and diligence on the part of the defendants, and *each of them*, in the discharge of their duties as directors *and managers* of said bank, and inattention to its affairs, permitted and allowed the funds and deposits therein and belonging thereto to be squandered and lost, and said bank made insolvent," etc. We think this allegation must be held to include the cashier as one of the delinquent officials.

5. There remains to be considered the single question whether there is a defect of parties by the nonjoining of the corporation itself or the assignee as a party defendant. In considering this question the nature of the action must be remembered. It is not an action to recover property of the plaintiff, but an action to enforce rights of the banking corporation against its officers, and allowed to be brought by the plaintiff simply because the proper officers of the corporation either actually or virtually refuse to bring it. The recovery, if any, becomes part of the assets of the corporation, and goes to the assignee. *Gores v. Day*, 99 Wis. 276. Logically, the corporation should be made a party to such an action, and must be an indispensable party where the corporation is in fact a "going concern," and the recovery, if any, will go into the corporate treasury. 2 Pomeroy, Eq. Jur. (2d ed.), § 1095; *Land, L. & L. Co. v. McIntyre*, 100 Wis. 245–256. It is believed that this has been the uniform practice in such actions, and for the palpable reason suggested above, namely, that the cause of action which is being

Gores and others vs. Field.

enforced is the cause of action of the corporation, and the moneys received will go to the corporation as trustee for its members, subject, of course, to the rights of creditors, if any such rights exist.

The reason for the rule disappears, however, when it appears, as in the present case, that the corporation, for all practical purposes, is defunct. While not, perhaps, legally dissolved, the allegations of the complaint show that it has ceased business for years, that all its property and property rights have passed to its assignee, and that the recovery here, if any, must go to the assignee, to be distributed under the order of the court, and can never reach the corporate treasury. These considerations effectually remove from the case the necessity of the presence of the corporation, which at best is now little more than a name; but they call all the more loudly for the presence of the assignee of the corporation, who must administer the fund recovered, and we cannot but regard his presence in the action as indispensable. It is true that William Plankinton, who is alleged to be the assignee, is a party to the action in his personal capacity; but we cannot regard this as sufficient. The test must be whether a judgment in the action would be binding and conclusive upon Mr. Plankinton's successor in office. Manifestly, it would not as the action is at present constituted. It would be dangerous to hold that a judgment in an action to which a person is made a party simply as an individual would be binding on such person as a public officer, and upon his successor in office. We therefore conclude that the assignee of the bank in his official capacity is a necessary party to the action, and that, not having been made a party, the demurrers should have been sustained.

*By the Court.*— The orders appealed from are reversed, and the action is remanded with directions to sustain the demurrers.

BARDEEN, J., took no part.

Motion by the respondents for rehearing were submitted for the appellants on a brief by *Miller, Noyes & Miller*, attorneys for *Murphy*, and *C. T. Hickox*, attorney for *Field*, and for the respondent on a brief by *M. M. Riley, Moritz Wittig*, and *Joseph B. Doe*, of counsel.

. To the point that the assignee is not a necessary, and not even a proper, party to an action to enforce the liability of directors and other corporate officers for neglect of duty, counsel for the respondents cited *Frost v. Citizens' Nat. Bank*, 68 Wis. 234; *Kyes v. Merrill F. Co.* 92 Wis. 35; *In re Gilbert*, 94 Wis. 108; *Farnsworth v. Wood*, 91 N. Y. 308; *Bank of Niagara v. Johnson*, 8 Wend. 645; *Gainey v. Gilson*, 149 Ind. 58; *Runner v. Dwiggins*, 147 Ind. 238, and cases cited; Angell & A. Corp. § 312; *Greaves v. Gouge*, 69 N. Y. 154; *Brinckerhoff v. Bostwick*, 88 N. Y. 52; *Maxwell v. Northern T. Co.* 70 Minn. 334.

The following opinion was filed March 19, 1901:

.WINSLOW, J.    Upon motions for rehearing made by respondents in these cases, we are asked to review and reverse that part of the former decision which holds that the words "liability created by law," in sec. 4252, Stats. 1898, refer to liabilities created by statute law alone, and it is said that, by so holding, we have overruled the decision in the case of *Hurlbut v. Marshall*, 62 Wis. 590.    We have given the point careful consideration, but are not convinced that we have erred, nor are we convinced that *Hurlbut v. Marshall* has been overruled.    In that case the meaning of the words, "made liable by law," in sec. 3221, R. S. 1878, was under consideration, and it was held that they included all statutory and common-law liabilities.    This holding was based upon the evident intent shown in that section, and the other sections in immediate connection therewith, that all legal liabilities of the officers or stockholders of a

banking corporation to its creditors should be settled in one action in equity.

As to the meaning of the words, "liability created by law," in sec. 4252, however, none of these considerations applies. This section is a part of the chapter on limitations of actions, and stands by itself. It simply declares that the chapter "shall not affect actions against directors or stockholders of a moneyed corporation or banking association to recover a forfeiture imposed or to enforce a liability created by law," etc. That the law named in this section is statute law seems to us quite clear. The law referred to is one which imposes a forfeiture or creates a liability. Forfeitures are only imposed by statute law. We see no occasion to retrace our steps on this question of construction, nor do we think that the case of *Hurlbut v. Marshall* has been in any respect overruled.

We are asked by respondents to decide what statute of limitation is applicable to the cause of action stated in the complaint. This seems a question of some difficulty, and as it has not been adequately argued, and its decision is not necessarily called for upon the complaint as it stands, we refrain from expressing an opinion on the question.

*By the Court.*— Motions denied.