MUSBACK, Appellant, vs. SCHAEFER, Respondent.

*September 23—October 21, 1902.*

*Officers: Duty to furnish copies of records: School-district clerks: Excessive fee: Penalty.*

1. The imposition of a penalty upon officers, including school-district clerks (sec. 4148, Stats. 1898), for failure to furnish certified copies of the public records under their charge, by implication imposes a duty to furnish such copies.
2. The provision in said section making such copies receivable in evidence does not limit the officer's duty to furnishing copies for that purpose.
3. The term "allowed by the laws of this state," as used in sec. 2955, Stats. 1898 (prohibiting any officer "to whom any fee or compensation shall be allowed by law for any service" from taking "any other or greater fee or reward for such service than such as shall be allowed by the laws of this state"), means "allowed by any statute of this state."
4. There being no statute allowing a school-district clerk any definite fee for furnishing certified copies of records, he is not liable to a penalty under secs. 2955-2957, Stats. 1898, by reason of having demanded and received compensation greater than the statutory fees of other officers for similar services.

5. Sec. 2959, Stats. 1898 (providing that "when a fee is allowed to one officer the same fee shall be allowed to other officers for the performance of the same services, when such officers are by law authorized to perform such services"), applies only where either of two officers may legally perform a particular act and a fee is specifically allowed to one and not to the other.

APPEAL from a judgment of the circuit court for Ozaukee county: JAMES J. DICK, Circuit Judge. *Affirmed.*

The complaint, in form, contains two causes of action. The substance of the first is as follows:

Plaintiff, a taxpayer and resident voter of school district No. 8 of the town of Saukville, Ozaukee county, Wisconsin, about the 1st day of November, 1900, "duly demanded" of the defendant, who was then the clerk of such district, a certified copy of the record of the proceedings of the annual school meeting of such district, held July 2, 1900, and of a special meeting of such district, held July 12th of the same year, together with a certified copy of all papers relating to the business to be performed at said meeting, or performed, or filed with such clerk and relating thereto, at the same time offering to said clerk, in lawful money, all the lawful fees to which he was entitled for complying with such request. Such clerk unreasonably refused to comply with such demand, whereby plaintiff was compelled to visit him on three occassions, on as many different days, to ascertain whether the desired certified copies could be obtained. November 8th, and upon one of such mentioned visits, plaintiff renewed his demand, made as aforesaid, at the same time offering to pay for compliance therewith as in the first instance, whereupon defendant offered to furnish the desired copies the next day on condition of being paid therefor the sum of $3. On said day plaintiff delivered to defendant the said sum of $3, and received therefor certified copies of the proceedings of the two school meetings, containing six folios and sixteen words. The clerk was entitled to but eighty-four cents for his services. By reason of the premises he became liable to plaintiff, under

secs. 2955–2957, Stats. 1898, for a penalty of $25 and the overcharge of $2.16, and counsel fees and expenses necessarily incurred by plaintiff, as damages.

The second cause of action was of a similar character. The allegations of the complaint were put in issue by the answer. Upon the trial the court sustained an objection to the reception of any evidence under the complaint, upon the ground that the facts therein alleged were insufficient to constitute a cause of action. Judgment dismissing the complaint with costs was thereupon rendered. The rulings of the court were duly excepted to by plaintiff.

The cause was submitted for the appellant on the briefs of *Eugene S. Turner,* and for the respondent on the brief of *H. B. Schwin.*

MARSHALL, J.   The precise ground upon which the court decided the complaint insufficient does not appear. It is suggested as one of such grounds that there is no law imposing upon a school-district clerk the duty of furnishing certified copies of the public records under his charge. Sec. 4148, Stats. 1898, makes such certified copies receivable as evidence with like effect as the original records, and provides:

"If any such officer [referring to school-district officers, among others], upon being tendered his legal fees therefor, shall unreasonably refuse to furnish any such certified copy to any applicant for the same he shall forfeit not less than twenty nor more than one hundred dollars, one half to the person prosecuting therefor."

That seems very clearly to impose upon school-district clerks the duty of furnishing certified copies of their school-district records. The imposition of a penalty for failure to do a particular thing, by implication imposes a duty to do that thing, by the same reasoning that the imposition of a penalty for doing a particular act impliedly prohibits the doing of such act. 1 Dillon, Mun. Corp. § 308; *Johnson v. Simonton,* 43 Cal. 242.

It is argued, in effect, that admitting that sec. 4148, *supra,* imposes a duty as indicated in what we have said, that duty only requires the officer to furnish a certified copy of a record under his charge upon the same being demanded for use as evidence, and his legal fees being tendered. The statute does not read that way. The language thereof is general. It provides that certified copies of public records may be used as evidence, and then imposes upon public officers the duty of furnishing them regardless of the use to which the applicant therefor may desire to devote the papers.

This action is laid under secs. 2955–2957, Stats. 1898, which together prohibit a public officer from taking any compensation for official services other than "such as shall be allowed by the laws of this state," from demanding or receiving compensation for official services except upon the actual rendition thereof and as otherwise provided by statute, and provide that every officer or person violating the law in that regard "shall be liable to the party aggrieved in the sum of twenty-five dollars damages and also for the actual damages sustained, to be recovered in an action." The statutes being penal, by a well-established rule of law must be strictly construed. So understood, the term "allowed by the laws of this state" should be read in the sense of "allowed by any statute of this state" by the same reasoning, in part, that "liability created by law," in sec. 4252, Stats. 1898, has been held to mean "created by statute law" (*Gores v. Field,* 109 Wis. 417, 84 N. W. 867, 85 N. W. 411), and to apply only to a situation where there is a definite fee provided by some written law for official services. Counsel for appellant seems to concede that, and points to sec. 2959, Stats. 1898, as satisfying the test. That does not seem to reach the subject. It applies to where either of two officers may legally perform a particular act and a fee is specifically allowed to one and not to the other. Then the fee is made incident to the service, so it may be rightfully claimed by the officer performing the same.

The most that can be claimed here is that various officers re-
quired by law to perform services similar to that required of
appellant are given specific statutory fees.   There is no stat-
ute allowing a school-district clerk any such compensation
for furnishing certified copies, nor, expressly, any compensa-
tion whatever.   Such officer is unquestionably entitled to
reasonable pay for such services upon common-law principles
and by implication from the statute imposing the duty.   But
that does not satisfy the clause of the penal statute.   There-
fore the complaint fails to state a good cause of action, and the
court rightly so decided and dismissed the cause with costs.

*By the Court.*—The judgment is affirmed.