KERWIN, Respondent, vs. ALBRECHT, Appellant.

*January 14—February 3, 1914.*

Pleading: Amendment: Changing cause of action: Officers: Taking excessive fees: Penalty: Statute construed: Error in allowance, how corrected: Justices' courts: Replevin.

1. Under sec. 2669a, Stats., it was proper to permit a complaint to be amended so as to change the action from one for money

had and received to the statutory action (based upon the same transactions) provided for by secs. 2955–2957, Stats.

2. The words "allowed by law" or "allowed by the laws of this state," in secs. 2955–2957, Stats., relate only to cases in which a definite sum is fixed by the statute or the laws of the state as compensation for a specific service. They do not apply to a case where the statute (sec. 3752, Stats.) provides that a justice of the peace may allow to the officer having charge of property seized on a warrant of replevin "such compensation for his trouble and expenses as shall be reasonable and just."

3. Any error committed by the justice having jurisdiction of the subject in the allowance of compensation under sec. 3752, Stats., should be corrected in the replevin action before the justice or on appeal; and no independent action can be maintained to correct such error.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Plaintiff was the defendant in an action in justice's court wherein a horse was replevied. The defendant, who was a constable, served the papers in the action and took possession of the horse and left it with one Dorn pending the suit, who kept it for thirty days. Judgment went against the plaintiff, and he filed a notice of appeal, but did not perfect his appeal, and the case was settled, whereupon the justice taxed costs against him and, among other items, made an allowance of $16.50 in favor of the defendant as and for his trouble and expense in keeping the horse, pursuant to sec. 3752, Stats. The constable presented no itemized statement of disbursements for keeping the horse and made no specific claim of any amount to the justice at the time the allowance of $16.50 was made. The justice in circuit court testified that he considered fifty-five cents a day a reasonable allowance for the trouble and expense of keeping the horse and for the legal responsibility involved. After the case was settled and the $16.50 paid to the defendant, he tendered the money to Dorn, who refused to take it, stating that he did not intend to charge for keeping the horse. It appears from the evidence that at

the time the allowance was made by the justice the defendant did not know that Dorn would not charge him for the keep of the horse.    Plaintiff, learning that the defendant received $16.50 for the keep of the horse and that Dorn had made no charge therefor, brought an action for money had and received in justice's court for the amount of $16.50, and judgment was rendered against the defendant for that amount. From this judgment defendant appealed to the circuit court, and plaintiff was there given leave to amend the complaint by alleging a cause of action under secs. 2955–2957, Stats. 1911, for the sum of $25 penalty and $16.50 damages.    The circuit court found that the defendant collected from the plaintiff the sum of $16.50; that he had no trouble and incurred no expense in keeping and maintaining the horse during the pendency of the replevin action, and that he rendered no service for which he was entitled to receive the sum of $16.50, or any part thereof, as compensation, and held that plaintiff was entitled to judgment against defendant for the sum of $16.50 actual damages and $25 penalty under sec. 2957, together with his costs and disbursements.    From a judgment entered accordingly the defendant appealed.

For the appellant there was a brief by *Buell & Lucas,* and oral argument by *F. W. Lucas.*

For the respondent there was a brief by *Hall & Baker,* and oral argument by *F. W. Hall.*

VINJE, J.    The circuit court, under the provisions of sec. 2669a, Stats. 1913, properly allowed the complaint to be amended, though it changed the nature of the action from one for money had and received to the statutory action provided for by secs. 2955–2957, Stats. 1913.    The amended complaint stated a cause of action arising out of the same transactions, and therefore came within the requirements of sec. 2669a as to amendments to the complaint.

The statutory action, however, cannot be maintained, for

this is not a case under secs. 2955–2957.   In *Musback v. Schaefer*, 115 Wis. 357, 91 N. W. 966, these sections were construed, and it was there held that the words therein "allowed by law" or "allowed by the laws of this state" related only to cases in which a definite sum is fixed by the statute or the laws of the state as compensation for a specific service. They do not include a case where, as here, the statute (sec. 3752, Stats. 1913) provides for "such compensation for his trouble and expenses . . . as shall be reasonable and just" to be allowed or taxed by the justice.   It was obviously the intent of the legislature that no official shall be subject to the penalty provided for by sec. 2957 unless he can by a reference to the laws of the state easily determine for himself whether or not he charges more for a service than is allowed by law, or whether he charges the statutory fee for a service not rendered at all.   To subject an official to such penalty, where the court is required to allow what is just and reasonable, in case of an erroneous or an excessive allowance, would be unjust.   The action under the statute to recover damages and penalty is limited to cases in which definite compensation for a service is fixed by the laws of this state, and such definite compensation is received, except lawful advance fees, where no service is rendered; or, where the service is rendered, more than such definite compensation is received therefor.

In the present case the defendant did render some service for which the justice could lawfully have allowed him compensation under sec. 3752, namely, for his trouble and expense in taking the horse from the defendant in the replevin action and delivering it to Mr. Dorn.   Of course the compensation allowed was excessive for the service rendered, and no part of it appears to have been allowed for such service at all.   But the justice had jurisdiction of the subject of allowing compensation to the defendant for services rendered in the replevin action, and any error committed by him in

the allowance of costs should have been corrected in the action before the justice or on appeal therefrom. No independent action can be maintained to correct such error. To permit it would be to subject every judgment of an inferior court, where a party felt aggrieved as to the taxation of costs, to a test as to the correctness thereof by a separate suit instead of proceeding in the same action as the statute and practice requires.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint upon the merits.