EUGENE I. LEHRMANN, State Director, Board of Vocational,Technical and Adult Education
You request my opinion whether a Vocational, Technical and Adult Education District School is authorized by state law to provide a private organization with a list of students who are on a waiting list for a particular program.
Your question assumes that such a list is kept by the school.
I am of the opinion that the statutes permit such a list to be furnished to such private organization.
Such a list would constitute a public record within the meaning of sec. 19.21 (1), Stats., and subject to inspection and copying under sec. 19.21 (2), Stats.
I am enclosing a copy of an opinion to the Secretary of the Department of Transportation dated December 31, 1971, which discusses secs. 19.21 and 66.77, Stats., as interpreted by the Supreme Court in State ex rel. Youmans v. Owens (1965), 28 Wis.2d 672,137 N.W.2d 470, and sets forth grounds which in special circumstances might be a sufficient basis for initial denial of inspection.
Note that the opinion states that the custodian is not required by sec. 19.21, Stats., to make a search or compile a list or report. 52 OAG 8 (1963)
If a list is available and demand for inspection is made at reasonable time and place, the custodian can only withhold inspection if he determines that the public interest in withholding inspection exceeds the public interest, expressed by statute, in permitting inspection by any person. Specific reasons must be *Page 298 
given when inspection is withheld and the person seeking the same can then resort to court action to test the sufficiency of such reasons.
In my opinion, the fact that a private organization which operated a school or service giving a somewhat related course intended to use the list to solicit students would not be a sufficient reason to deny inspection or copying.
In 58 OAG 67, 71 (1969), which involved access to birth records for commercial purposes, it was stated:
"The right to inspect and copy public records is in general extended to those who are engaged in the business of searching public records and furnishing to customers the information which is to be gained therefrom. 45 Am. Jur., Records and Recording Laws, sec. 19. However, the custodian may enforce such reasonable supervision and control of the records and those examining them as is necessary to the carrying out of the duties of his office and allowing other members of the public access to such records. * * *
"Accordingly, in answer to your first question I must conclude that subject to specific statutory restrictions to the contrary, specifically stated sufficient reasons of denial by the custodian, and subject to the reasonable rules and regulations of the custodian, any person may examine and copy birth records, and his reasons for doing so are immaterial."
RWW:RJV