ANTHONY S. EARL, Secretary Department of Natural Resources
You state that the Department of Natural Resources has developed certain mailing lists in conjunction with programs the Department is charged with administering. Examples of these lists include conservation and environmental organizations, citizen committees for resource management and environmental purposes and subscriber *Page 69 
lists to Natural Resources Notes and the Wisconsin NaturalResources. The Department has received requests for copies of these lists from persons who supposedly may or will use these lists for private benefit or financial gain. You ask what effect the new right of privacy law, ch. 176, Laws of 1977, may have upon your duties as custodian of these records.
Chapter 176, Laws of 1977, created a cause of action in Wisconsin for an invasion of one's right of privacy. By this act the Legislature created a tort, that is, a civil wrong, enabling a person who believes his right to privacy has been invaded to sue, in a civil action, the person whom he believes has invaded his right of privacy and to collect money damages and obtain other relief. The new law contains no criminal penalties, such as a fine or imprisonment, and thus is not a criminal law. Section 895.50, Stats., provides in part:
 (1) The right of privacy is recognized in this state. One whose privacy is unreasonably invaded is entitled to the following relief:
 (a) Equitable relief to prevent and restrain such invasion, excluding prior restraint against constitutionally protected communication privately and through the public media;
 (b) Compensatory damages based either on plaintiffs loss or defendant's unjust enrichment; and
(C) A reasonable amount for attorney fees.
 (2) In this section, `invasion of privacy' means any of the following:
 (a) Intrusion upon the privacy of another of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private or in a manner which is actionable for trespass.
 (b) The use, for advertising purposes or for purposes of trade, of the name, portrait or picture of any living person, without having first obtained the written consent of the person or, if the person is a minor, of his or her parent or guardian.
 (c) Publicity given to a matter concerning the private life of another, of a kind highly offensive to a reasonable person, if the defendant has acted either unreasonably or recklessly as to *Page 70 
whether there was a legitimate public interest in the matter involved, or with actual knowledge that none existed. It is not an invasion of privacy to communicate any information available to the public as a matter of public record.
 (3) The right of privacy recognized in this section shall be interpreted in accordance with the developing common law of privacy, including defenses of absolute and qualified privilege, with due regard for maintaining freedom of communication, privately and through the public media.
Section 19.21, Stats., deals with public records, including the duties of custodians of public records and the right of any person to examine or copy public records. This office has issued numerous opinions dealing with public records. 61 Op. Att'y Gen. 297 (1972) advised the state director of the Board of Vocational, Technical and Adult Education that a list of students who were on a waiting list for a particular program was a public record within the meaning of sec. 19.21 (1), Stats., and subject to inspection and copying under sec. 19.21 (2), Stats. The opinion further advised that the fact that a private organization which operated a school or service giving a somewhat related course intended to use the list to solicit students would not be sufficient reason for denying inspection or copying.
Likewise, I conclude that the lists you have described are public records within the meaning of sec. 19.21 (1), Stats., and subject to inspection and copying within the meaning of sec.19.21 (2), Stats. I have taken into consideration the provisions of ch. 176, Laws of 1977, and particularly the newly created sec. 895.50, Stats., and conclude that this does not affect your duties as custodian of public records. This conclusion is supported not only by principles of statutory construction, but by the express language of sec. 895.50 (2)(C), Stats., which provides in part: "It is not an invasion of privacy to communicate any information available to the public as a matter of public record."
Under sec. 19.21 (2), Stats., a custodian may prescribe reasonable regulations concerning the examining and copying of public records. Unless specifically required to do so by another statute, a custodian may, but is not required to, furnish copies for a reasonable fee. Sec. 16.61 (11), Stats.; 60 Op. Att'y Gen. 470, 483 (1971); Musback v. Schaefer, 115 Wis. 357, 361,91 N.W. 966 (1902). Although there *Page 71 
may be exceptions, the general rule is that a custodian of public records in this state cannot be concerned with the purposes behind a person's request to view records. 58 Op. Att'y Gen. 67, 72 (1969); 63 Op. Att'y Gen. 400, 406 (1974).
BCL:JEA