ROBERT P. SORENSON, PH.D., State Director Board of Vocational,Technical and Adult Education
You ask three questions concerning the applicability of the Wisconsin Public Records Law, sec. 19.21, Stats., to local vocational, technical and adult education districts (VTAE districts). Your questions are prompted by the tremendous volume of records maintained by the VTAE districts and the costs of storage, filing and record retrieval. *Page 10 
Your first question is whether a VTAE district is a "school district" within the meaning of the Wisconsin Public Records Law, sec. 19.21, Stats. In my opinion, the answer is yes.
Section 19.21 (1), Stats., provides:
 Each and every officer of the state, or of any county, town, city, village, school district, or other municipality or district, is the legal custodian of and shall safely keep and preserve all property and things received from his predecessor or other persons and required by law to be filed, deposited, or kept in his office, or which are in the lawful possession or control of himself or his deputies, or to the possession or control of which he or they may be lawfully entitled, as such officers.
The Wisconsin Public Records Law, created by ch. 178, Laws of 1917, reflects public policy which favors the right of inspection of public documents and records. Newspapers, Inc. v. Breier,89 Wis.2d 417, 426-27, 279 N.W.2d 179 (1979). It should be liberally construed to effectuate that public policy. See sec.19.81 (4), Stats. Thus, although sec. 38.01 (2) and (4), Stats., distinguish "VTAE districts" and "school districts" for purposes of ch. 38, Stats., I believe that the term "school district" as used in sec. 19.21 (1), Stats., should be interpreted in its generic sense to include VTAE districts.
The term "school district" has been given various meanings depending upon the context in which it is used. Green Bay Met. S.Dist. v. Voc., T. A. Bd., 58 Wis.2d 628, 637, 207 N.W.2d 623
(1973). In the Green Bay case, 58 Wis.2d at 638, the court concluded that a VTAE district was "a school district created under the laws of this state" and was not a "municipality" for certain tax purposes. See also Binder v. Madison, 72 Wis.2d 613,619-20, 241 N.W.2d 613 (1976); Egan v. Wisconsin State Board ofVocational, T. A. Ed., 332 F. Supp. 964, 966 (E.D. Wis. 1971); and 68 Op. Att'y Gen. 148, 149 (1979) where I stated:
 [T]he term "any . . . school district" in the context of sec. 66.30, Stats., clearly includes vocational, technical and adult education school districts. The Legislature initially provided for local vocational school boards in ch. 616, Laws of 1911. Moreover, the Wisconsin Supreme Court has consistently referred to elementary and secondary school law in interpreting statutes implementing the vocational system. See, e.g., West Milwaukee *Page 11 v. Area Board of Vocational, Technical and Adult Education, 51 Wis.2d 356, 187 N.W.2d 387 (1971), and Wood County v. Board of Vocational, Technical and Adult Education, 60 Wis.2d 606, 211 N.W.2d 617
(1973).
This rationale is equally applicable to the present question and it is thus my opinion that a VTAE district is a "school district" within the meaning of sec. 19.21 (1), (7), Stats. Seealso West Milwaukee v. Area Bd. Vocational, T. A. Ed.,51 Wis.2d 356, 373, 187 N.W.2d 387 (1971). In 61 Op. Att'y Gen. 297 (1972), my predecessor concluded that a list of students awaiting a particular program in a VTAE district school was a public record within the meaning of the Wisconsin Public Records Law. Thus, it is my opinion that a VTAE district is a "school district" within the meaning of sec. 19.21 (1), Stats.
Even if a VTAE district were not a "school district" within the meaning of the Wisconsin Public Records Law, it nonetheless would be subject to the law because it would come within the phrase "or other . . . district" contained in sec. 19.21 (1) Stats. However, whether a VTAE district is a "school district" or only a "district" under the Wisconsin Public Records Law is crucial to resolving your second question, namely, how long must VTAE district records be preserved? If a VTAE district is a "school district" within the meaning of the law, the answer to your second question is found in sec. 19.21 (7), Stats., which provides: "Any school district . . . may provide for the destruction of obsolete school records. . . . The period of time a school district record shall be kept before destruction shall be not less than 7 years. This section shall not apply to pupil records under s. 118.125."
If on the other hand a VTAE district is not a "school district," it is without authority to destroy records which fall within sec. 19.21 (1), Stats., and which are not pupil records under sec. 118.125, Stats. This is the conclusion reached by my predecessor in 63 Op. Att'y Gen. 272 (1974) with respect to the records of school districts. That conclusion led to the creation of sec. 19.21 (7), Stats., which specifically addresses destruction of obsolete school records. See ch. 202, Laws of 1977.
Since I have concluded that a VTAE district is a "school district" within the meaning of the Wisconsin Public Records Law, it is my *Page 12 
opinion that except for any pupil records under sec. 118.125, Stats., a VTAE district must preserve records at least seven years before destruction. Sec. 19.21 (7), Stats.
Your third question is whether a VTAE district may maintain public records on microfilm. In my opinion the answer is no.
Replacement of original public records with microfilm or by other photographic means requires specific approval by the Legislature. Photographically reproduced public records are not original records unless so provided by the Legislature.
Sections 19.21 (5)(c) and 59.715-59.717, Stats., provide for the photographic reproduction of public records of certain local units of government. Section 16.61, Stats., covers retention of state records and provides standards whereby photographically reproduced records may be deemed the original.
In this connection, it should be noted that although sec.16.61, Stats., does provide for the reproduction of public records by microfilm, it permits the substitution of microfilm records for the original only where the records of a state agency are involved. The procedure for this is found in sec. 16.61 (6), Stats. However, since VTAE districts are not state agencies but quasi-municipalities, this section does not apply to them.
By comparison the Legislature has failed to authorize VTAE districts to substitute photographically reproduced records for the original records. Since the Legislature specifically has conferred power on certain local units of government and the state to maintain records on microfilm, but has not specifically conferred such power on VTAE districts. "it is evidence of legislative intent not to permit the exercise of the power."State ex rel. Harris v. Larson, 64 Wis.2d 521 527 219 N.W.2d 335
(1974). Thus a VTAE district may not maintain records on microfilm.
BCL:JWC