ROBERT G. MAWDSLEY, Corporation Counsel Waukesha County
You ask four questions relating to fees chargeable under the public records law. Your questions and my answers follow:
 1. According to § 19.35 (3) (a) "an authority may impose a fee upon the requester of a copy of a record which may not exceed the actual, necessary and direct cost of reproduction and transcription of the record . . .". Does the phrase "actual, necessary and direct cost of reproduction" limit allowable charges to only those based on the costs of the copying equipment, e.g. chemicals, *Page 151 
machine maintenance and purchase, paper, sales tax and the like, or can a county agency include as a cost the labor expense incurred in making the copy?
It is my opinion that labor expenses that are actually, necessarily and directly incurred in connection with reproduction of public records may be incorporated in the fee charged for reproduction of the documents. Typically this will mean that a copy fee may include a charge for the time it takes for the secretary or clerk to reproduce the records on a copying machine.
 2. Does § 19.35 (3) (c) regarding charges for record location searches of costs in excess of $50.00 exclude the possibility of adding labor costs for searches of $49.99 and less to the copying fee allowed under § 19.35 (3) (a)?
Yes. Section 19.35(3)(a) governs costs of reproduction. Section19.35(3)(c) governs costs of locating records. The clear limitation on charging for search costs in section 19.35(3)(c) would be circumvented if search costs of less than $50 were added to reproduction costs.
 3. Can a county or other municipality establish its own copying fees by ordinance on a basis other than "actual, necessary or direct costs" by virtue of the clause in § 19.35 (3) (a) which reads: ". . . unless a fee is otherwise specifically established by law . . ."?
The full sentence provides that: "An authority may impose a fee upon the requester of a copy of a record which may not exceed the actual, necessary and direct cost of reproduction and transcription of the record, unless a fee is otherwise specifically established or authorized to be established by law."
It is my opinion that the term "law" as used in this provision refers to state statutory law. Cf., Musback v. Schaefer,115 Wis. 357, 360, 91 N.W. 966 (1902). The Legislature clearly intended to minimize copying fees and to establish a general cost-based standard for all custodians except those for whom special provisions have been created. It would be inconsistent with these goals to interpret the statute to allow the multitude of local governments to adopt their own fee schedules without regard to actual costs.
An example of "a fee . . . otherwise specifically established . . . by law" is section 814.61(10) which requires the clerk of court to charge *Page 152 
a copying fee of $1 per page. As to the latter portion of section19.35(3)(a), I am not aware of any state statute that affirmatively authorizes counties or municipalities to establish their own fees for public records. Therefore, they do not have the authority to deviate from the requirements in section19.35(3).
 4. How does Wis. Stat. § 66.111, which authorizes an officer to charge the same statutory fee allowed to other officers if performing the same duties, affect § 19.35 (3) (a)? In other words, can an officer charge, for example, the statutory copying fee of $1.00 per page set by statute for sheriffs on the basis of § 66.111, or is that officer bound by § 19.35(3)(a) to derive and charge the actual, necessary and direct cost?
Section 66.111 provides: "When a fee is allowed to one officer the same fee shall be allowed to other officers for the performance of the same services, when such officers are by law authorized to perform such services." This statute applies "where either of two officers may legally perform a particular act and a fee is specifically allowed to one and not to the other. Then the fee is made incident to the service, so it may be rightfully claimed by the officer performing the same." Musback,115 Wis. at 360.
Therefore as to fees for copying records, section 66.111 would apply only if two distinct public officers are specifically authorized by the statutes to copy the very same public records, and the statutes specify a particular copying fee for one officer but not the other. For example, county court judges formerly were specifically authorized to make certified copies of papers filed in their courts, so a judge could charge the same statutory copying fee as that authorized by statute for the clerk of courts. 30 Op. Att'y Gen. 697 (1941).
As to your specific example regarding a $1 per page copying charge by sheriffs, I assume you are referring to section814.70(intro.) and (6), which reads:
 Fees of sheriffs. The sheriff shall collect the following fees:
. . . .
 (6) COPIES. Making a copy of any bond, undertaking, summons, writ, complaint or other paper served or taken, when required by law or demanded by a party, and if not furnished by a party to the action or attorney, $1 per page. *Page 153 
This $1 fee applies only to the particular documents and under the limited circumstances described in the statute. In most cases, the fee for copying public records on file in a sheriff's office will be governed by section 19.35(3)(a).
Section 66.111 would come into play vis-a-vis section 814.70(6) only if some officer outside the sheriff's office was specifically authorized to provide copies of the particular documents described and under the circumstances set forth in section 814.70(6), and no specific fee was otherwise set by the statutes. Under those circumstances, the outside officer could charge the fee specified in section 814.70(6). This would constitute "a fee [that] is otherwise specifically established . . . by law" and would thus constitute an exception to section 19.35(3)(a).
I have found no statute that presently specifically authorizes one public officer to provide copies of particular records in the custody of another public officer. Therefore, I expect that, in reality, the provisions of section 66.111 will have limited or no impact on the mandate of section 19.35(3)(a) to limit copy fees to actual, necessary and direct costs.
BCL:RWL