JOHN A. BODNAR, Corporation Counsel Winnebago County
You have asked for my opinion on the following two questions:
1. Can the register of deeds record a death certificate and an accompanying affidavit, designating a surviving joint tenant, as an alternative to summary or formal probate proceedings for the purpose of the recordation of transfer of title from a deceased joint tenant to a surviving joint tenant?
2. Are county and municipal tax listing officials required to designate the surviving joint tenant as the owner of property on tax listings and billings upon the filing of a death certificate as to the deceased joint tenant and an accompanying affidavit, designating the surviving joint tenant, with the tax lister's office?
By virtue of section 700.17(2), Stats., the surviving joint tenant already owns the whole property, and the ownership interest of the deceased joint tenant is terminated by operation of law. The transfer of property actually occurred at the time of the creation of the joint tenancy. The death of one of the joint tenants does not transfer his or her interest; it merely terminates it. The interest is terminated by operation of law. The surviving *Page 74 
joint tenant already owns the whole. Thus, the probate filing and recording procedures do not act as a conveyance; they merely recognize what has already happened. See Will of Barnes,4 Wis.2d 22, 89 N.W.2d 807 (1958).
The Legislature has provided several methods by which the surviving joint tenant may obtain evidence of the termination of such joint tenancy. Upon petition of any person interested in the property to the court of the county of domicile of the decedent, the court is required to issue a certificate under the seal of the court setting forth the fact of the death of the joint tenant, the termination of the joint tenancy interest, the right of survivorship of any joint tenant and any other facts essential to determination of the rights of persons interested. Sec.867.04, Stats. The certificate is prima facie evidence of the facts recited, and if the certificate relates to an interest in real property or to a debt which is secured by an interest in real property, a certified copy or duplicate original of the certificate must be recorded by the petitioner in the office of the register of deeds in each county in which the real property is located.
As an alternative to section 867.04, upon the death of any person having an interest as a joint tenant, the surviving joint tenant may obtain evidence of the termination of such joint tenancy by providing to the register of deeds of the county in which such property is located a certified copy of the death certificate and by providing, in triplicate, on applications supplied by the register of deeds for that purpose, the precise information required under section 867.045(1). Upon the recording of the original application, the application constitutes primafacie evidence of the facts recited and further constitutes the termination of the joint tenancy with the same force and effect as if issued by the court assigned to exercise probate jurisdiction. Sec. 867.045(4), Stats.
Summary confirmation of an interest in property is similarly available under section 867.046 by filing a petition with the court under subsection (1) or, as an alternative, filing and *Page 75 
recording an application supplied by the register of deeds under subsection (2). There is yet another alternative to sections867.04 and 867.045 wherein the personal representative files with the probate registrar a verified statement describing the property in which the decedent had an interest as joint tenant, including the recording data, if any, of the document creating the joint tenancy. Sec. 865.20(1), Stats. Upon being filed with the probate registrar, this statement constitutes prima facie
evidence of the facts recited and evidence of the termination of the decedent's interest in the property. A certified copy or duplicate original of the statement may be recorded in the office of the register of deeds in each county in the state in which real property is located. Sec. 865.20(2), Stats. I have been advised that this latter procedure is seldom used in most counties because the register of deeds usually advises that the applications be prepared and recorded on the printed forms available under section 867.045.
In response to your first question, it is my opinion that the register of deeds has the authority to record an affidavit to clear title, not unlike many such affidavits filed daily with registers of deeds. He or she is not recording a death certificate but merely referring to one already recorded under other statutory requirements.
It is important to emphasize that the register of deeds does not actually record the death certificate, but only the application form, even under sections 867.045(3) and 867.046(5). A certified copy of a death certificate is only presented to establish that it is filed elsewhere. The actual death certificate is not filed with the application. This is an important distinction because only the state registrar under section 69.03 and the local registrar under section 69.05 are required or permitted to register vital records which include death certificates under section 69.01(26). The register of deeds' duties under section 69.07, when acting as local registrar, have no bearing on the administrative and summary procedures which the register of *Page 76 
deeds must enforce under sections 867.045 and 867.046
or on the procedure now proposed for clearing title.
I understand that a problem arises in your county in those cases where no probate proceeding is necessary because all of the assets are jointly held when one spouse dies. The purpose of the affidavit in these cases would be to (1) set forth that the person died and is survived by a spouse, (2) correct any name variance between the death certificate and the way title is held on the deed and (3) instruct tax authorities to issue the tax bill in the name of the surviving joint tenant for, among other reasons, homestead tax relief claims.
There is no statute which specifically compels the recording of an affidavit in lieu of the summary or formal probate proceedings discussed above. Transfer by affidavit is permitted under section867.03 when the decedent leaves solely owned property in this state which does not exceed $10,000 in value.
However, the register of deeds is required to record all deeds, mortgages, maps, instruments and "writings authorized by law to be recorded" in his or her office and left for that purpose. Sec.59.51(1), Stats. In determining the duty imposed under the above-quoted language, the importance of the term "writings authorized by law to be recorded" becomes obvious. The statutory language "authorized by law" has been construed to mean allowed by statute of this state. Musback v. Schaefer, 115 Wis. 357, 91 N.W. 966
(1902); 66 Op. Att'y Gen. 148 (1977).
The proposed affidavit is no different than the numerous title defect curing affidavits already filed for recording. Such affidavits clearly are authorized by section 706.05(1) which provides that "every other instrument which affects title to land in this state, shall be entitled to record." Affidavits are instruments as that term is used in section 706.05(1). Sec.706.06(3), Stats.
The duties of registers of deeds are ministerial. Annot., 94 A.L.R. 1303 (1935); Youngblood v. United States, 141 F.2d 912
(6th Cir. 1944); State v. Shaver, 172 Ohio St. 111, *Page 77 173 N.E.2d 758 (1961); 69 Op. Att'y Gen. 58 (1980). He or she has no basis to question the purpose of the affidavit presented for recording as long as it meets the requirements of section 706.05. This affidavit is similar to an affidavit of identity to clear title name variances or an affidavit of marital status, both of which are accepted for filing.
No legal proceeding is required to extinguish the title defect when one of the joint tenants dies. That defect can be cleared simply by reference to the death certificate which is required to be recorded by other statutes.
Under much the same reasoning, I also conclude in response to your second question that the county and municipal tax listing officials are not limited to making only those name changes which are based upon recorded documents. Even if they were so limited, the recorded death certificate itself would be sufficient to eliminate a deceased joint tenant as owner. While some municipalities routinely have a staff person sift through the daily register of deeds' recordings to identify name changes, the assessor's office will change the tax roll name listing based upon other information. For example, a deceased joint tenant's name might be eliminated from the roll upon request where the decedent's estate is in the probate process but where no document has yet been filed showing the termination.
Section 70.17 requires the assessor to enter the real property on the tax rolls in the name of the owner "if known to the assessor." The clerk of the taxation district must certify that the information contained in the tax roll is accurate "to the clerk's best knowledge." Sec. 70.65(3), Stats. As a practical matter, most name changes in smaller municipalities such as towns probably are based on the assessor's actual knowledge rather than on a copy of any recorded document. If the Legislature had intended that a recorded document be necessary, the tax roll certification probably would have been worded differently.
Historically, the assessor has not been required to utilize the register of deeds' records to ascertain the owner of property. *Page 78 
This is clear from the court's observation in Massing v. Ames,Treasurer of Dane County, and another, 37 Wis. 645, 652-53
(1875):
 But it would be laying down too strict a rule on the subject to say the assessor was chargeable with notice of the record title, and if he happened to make an honest mistake in regard to the real owner, the assessment was void. Where the assessor knows, or has reliable information as to the real owner, he is inexcusable in assessing the property to the wrong party.
See also Doherty v. Rice, 240 Wis. 389, 394, 3 N.W.2d 734 (1942).
I see no problem, therefore, with the lister or clerk relying on the death certificate already recorded and the proposed affidavit as a basis for dropping a deceased joint tenant from the tax rolls and assessment notice. Since the tax rolls are merely reflective of the transfer of title by operation of law, they should reflect the legal owner regardless of how the lister or assessor becomes aware of the change in ownership. Sections70.17 and 70.65(3) when read together require the lister and/or assessor to list or indicate the owner of the property to the best of their knowledge. This clearly permits, but does not require, the tax listing officials to change the ownership designation on the tax listings and billings on the basis of notification other than through the formal procedures under sections 867.04, 867.045(1) and 867.046.
It is my opinion that an affidavit setting forth a legal description of the premises, the date of death and the place of death where that property is located outside that county and full identification of both the decedent and the surviving joint tenant is legally sufficient to accomplish this purpose. The clerk of the taxation district or assessor must be satisfied that the information is complete and accurate, and under no circumstances do county and municipal tax listing officials have *Page 79 
authority to record or file any vital record including the actual death certificate.
JED:DPJ *Page 80