[Civ. No. 2652.    First Appellate District, Division One.—April 4, 1919.]

GIUSEPPE DAMIANO, Appellant, v. FLEDA O. BUNT-
ING, as Executrix, etc., et al., Respondents.

[1] CORPORATION LAW—LIABILITY OF STOCKHOLDER FOR TORT OF COR-
PORATION—SURVIVAL OF RIGHT OF ACTION.—A cause of action exists
against the stockholder of a corporation upon a corporate liability
arising out of a tort, and such cause of action survives the death of
the stockholder.

[2] ID.—STATUTE OF LIMITATIONS—DEATH OF STOCKHOLDER.—An ac-
tion against a stockholder, or his personal representative, upon a
corporate liability arising out of a tort must be brought within the
three-year limitation prescribed by section 359 of the Code of
Civil Procedure. Where the stockholder dies within such three-year
period, the time within which such action might be brought is not,
by reason of the provisions of section 353 of the Code of Civil Pro-
cedure, extended to within one year after the issuing of letters
testamentary or of administration.

[3] ID.—JUDGMENT AGAINST CORPORATION—WHEN TIME BEGINS TO RUN.
The time within which such action based on the stockholder's lia-
bility might be brought dates from the time of the plaintiff's in-
juries and not from the time he recovers judgment against the cor-
poration for such injuries.

APPEAL from a judgment of the Superior Court of Ala-
meda County. William H. Donahue, Judge. Affirmed.

The facts are stated in the opinion of the court.

James A. Bacigalupi and Edmund Nelson for Appellant.

Thomas C. Huxley for Respondents.

RICHARDS, J.—This is an appeal from a judgment in de-
fendants' favor after the order sustaining their demurrer to
the plaintiff's complaint without leave to amend. The follow-
ing are the facts of the case as shown by said complaint:

On May 13, 1913, one John A. Bunting was the owner of
one hundred and eighty thousand shares of a total issue of
two hundred thousand shares of a mining corporation known
as the Birchfield Mining Company. On said May 13, 1913,
the plaintiff was an employee of said corporation, and was

injured in an accident occurring in the course of his employment. John A. Bunting died on May 1, 1916. Thereafter and on May 17, 1916, the defendants were appointed the executors of his estate. Notice to creditors was duly ordered and published May 27, 1916. On February 27, 1917, the plaintiff herein presented his claim against said estate for the sum of $10,900.32, alleged to be due upon the proportionate statutory liability of said John A. Bunting, deceased, as a stockholder in said corporation. The claim being rejected, the plaintiff commenced this action on March 31, 1917.

To his complaint setting forth the foregoing facts the defendants demurred upon the general ground, and also upon the grounds that the cause of action was barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure, and also by the provisions of section 359 of the same code. The court sustained the defendants' said demurrer generally and without leave to amend. The judgment followed, from which the plaintiff prosecutes this appeal.

[1] Three questions are presented upon this appeal, the first being as to whether a cause of action exists against the stockholder of a corporation under the laws of this state upon a corporate liability arising out of a tort. This question has, we think, been settled in favor of the existence of such liability on the part of a stockholder for the torts of the corporation by the case of *Miller & Lux* v. *Kern County Land Co.,* 134 Cal. 586, [66 Pac. 856], and by the case of *Lininger* v. *Botsford,* 32 Cal. App. 386, [163 Pac. 63], upholding such liability.

The second question which arises herein is as to whether the cause of action upon such stockholder's liability survives the death of the stockholder. This question was also determined in favor of the survival of such cause of action in the case of *Lininger* v. *Botsford, supra,* and to the reasoning and conclusions of that case we adhere.

[2] The third and final question arising herein is as to whether this action is barred by the provisions of section 359 of the Code of Civil Procedure relied upon in the defendants' demurrer and which reads as follows: "This title does not affect actions against directors or stockholders of a corporation, to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party

of the facts upon which the penalty or forfeiture attached, or the liability was created.''

The foregoing section of the Code of Civil Procedure is one of the sections embraced in chapter IV of title II thereof, which relates to the time of commencing civil actions. Section 353 of the same chapter and title contains this provision: ''If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration.''

It is the contention of the appellant herein that the provision of the code last above quoted takes his case out of the operation of the first above quoted section of the code, and gives him an extension of the period within which he otherwise must have commenced his action, arising out of the fact of the death of John C. Bunting a few days before the three years' period of limitation would have expired. This contention, however, is answered by the case of *King* v. *Armstrong*, 9 Cal. App. 368, [99 Pac. 527], in which Mr. Justice Shaw, of the second appellate district, quite clearly points out that section 359 of the Code of Civil Procedure is so explicit in its terms expressive of the inapplicability of any of the other provisions of the title of that code of which it is a part to actions against stockholders of corporations to enforce the liability created by law as to leave no room for any other construction. The conclusion arrived at in this case is fully enforced by the reasoning of the supreme court in the case of *Hunt* v. *Ward*, 99 Cal. 612, [37 Am. St. Rep. 87, 34 Pac. 335], wherein the court, with direct reference to the application of section 359 of the Code of Civil Procedure to the liability of stockholders of corporations in this state, says: ''It must be remembered that the right to pursue the stockholder at all does not exist at common law, but is solely the creature of the written law; and that it must be exercised upon the conditions and within the limits which the written law prescribes. The invocation by respondent of the clause of the state constitution, declaring the liability of stockholders of corporations, does not strengthen his position; for the statement of a right in a constitution is always subject to reasonable statutory limitations of the time within which it may be enforced, unless

otherwise declared in the constitution itself; and three years is certainly not an unreasonable limitation. We see, therefore, no reason for disregarding the plain language of section 359. We need not inquire into the policy of the section; but as certificates of stock of many corporations pass frequently from hand to hand, it may well be assumed that the legislature intended to protect temporary stockholders from the power of officers of corporations and their creditors, to indefinitely extend the enforcement of liabilities created while they happened to be holders of stock. If the policy be unwise or bad, it is for the legislature to change it.'' (See, also, *Bank of San Luis Obispo* v. *Pacific Coast Steamship Co.,* 103 Cal. 594, [37 Pac. 499].)

[3] In the reply brief of appellant it is attempted to be argued that regardless of the liability of said stockholder arising at the time of the plaintiff's injuries he is entitled to rely upon a liability which was created by the alleged fact that appellant had in an action commenced by him against the corporation recovered a judgment for damages for his said injuries within the period of three years prior to the commencement of the instant action. It suffices to say that the cases of *Hunt* v: *Ward* and *Bank of San Luis Obispo* v. *Pacific Coast Steamship Co., supra,* furnish a complete answer to this contention.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 2, 1919.

Angellotti, C. J., Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.