[No. D011000. Fourth Dist., Div. One. Jan. 31, 1990.]

DON SMITH, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
BONITA PARK HOMEOWNERS ASSOCIATION, Real Party in
Interest.

### COUNSEL

Robie & Matthai, James R. Robie, Michael J. O'Neill and Pamela E. Dunn for Petitioner.

No appearance for Respondent.

Thorsnes, Bartolotta, McGuire & Padilla and Neal H. Rockwood for Real Party in Interest.

### OPINION

**TODD, J.**—Bonita Park Homeowners Association (Association), a nonprofit corporation, filed an action on January 21, 1986, against Bonita Park developer McMillin Construction Company. The Association sought damages for latent construction defects in the condominium homes. Upon a motion for summary adjudication the court found the Association failed to timely file suit before 10 years after recordation of valid notices of completion, as required by Code of Civil Procedure section 337.15, subdivision (g) (2).[1] All causes of action except the fraud cause of action were time-barred. McMillin recorded the notices of completion on February 25, 1974, for buildings one through eight and on April 4, 1974, for buildings nine through twelve.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

On April 27, 1987, the Association then filed an action for breach of fiduciary duty and negligence against its board of directors and individual directors, including former board president Don Smith (Smith). The Association alleged the board allowed the statute of limitations to run, barring recovery for damages to the common areas. Smith moved to adjudicate the issue "[the Association's] action for damage to buildings 1-12 of the Bonita Park Condominium Project is conclusively barred by the controlling three-year statute of limitations provided in the Code of Civil Procedure section 359.[2]" Smith argued the Association admitted in the complaint the 10-year statutory limitations period expired on April 4, 1984, thus the liability was "created" on that date, and any action against him must have been brought by April 4, 1987. The court denied the motion finding section 359 does not apply to actions for breach of a duty or negligence against directors of a corporation.

■ A "liability created by law" is one which exists by virtue of an express statute but does not extend to actions arising under the common law. (*Coombes* v. *Getz* (1933) 217 Cal. 320, 333 [18 P.2d 939].) By its plain language, the three-year statute of limitations in section 359 applies where there is a statutory basis for actions against directors, shareholders, or members of a corporation.

In 1975 the Legislature enacted section 309 of the Corporations Code which codified the standard of care for corporate directors. Subdivision (c) of Corporations Code section 309[3] precludes liability if the standard is met: "A person who performs the duties of a director in accordance with subdivisions (a) [the standard] and (b) [information relied upon] shall have no liability based upon any alleged failure to discharge the person's obligations as a director." ■ "The purpose . . . is to relieve a person from any liability by reason of being or having been a director of a corporation, if that person has exercised his duties in the manner contemplated by this section." (Legis. committee com., 24 West's Ann. Corp. Code (1990 pocket supp.) p. 34.) By codifying the standard of care and precluding further liability, the statute conveys the Legislature's intent that any action by a beneficiary of the fiduciary relationship must necessarily flow from the statute. The

---

[2] Section 359 provides "This title does not affect actions against directors, shareholders, or members of a corporation, to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created."

[3] Corporations Code section 7231, applicable to nonprofit mutual benefit corporations, incorporates the standard of care defined in Corporations Code section 309. (See *Frances T.* v. *Village Green Owners Assn.* (1986) 42 Cal.3d 490, 506, fn. 13 [229 Cal.Rptr. 456, 723 S.Ct. 573, 59 A.L.R.4th 447].)

fiduciary duty is distinguished from common law duty to third parties. (See *Frances T.* v. *Village Green Owners Assn., supra*, 42 Cal.3d 490, 506.) As Mosk, J., in his concurring and dissenting opinion in *Frances T.* observes, "the potential liability of the directors here - which is created by the duty imposed on them and the standard of care to which they are held - is governed not by the common law but rather by statute. [Citations, including Corp. Code, §§ 309, 7231.]" (42 Cal.3d at p. 525.)

■ Here the Association alleges Smith failed to "reasonably inquire and properly investigate the cause of the distress and damage to the common area" and timely file suit. The Association stands as a corporate beneficiary to Smith, and his alleged failure to act was in his capacity as a voting director. Even though Corporations Code section 309 is not specifically mentioned in the complaint, the action is based on the statutory standard. We conclude a breach of the statutory standard is a "liability created by law" and thus is governed by the three-year time limitation of section 359.

■ The Association argues the statute of limitations was tolled during Smith's "adverse domination and control" of the board. A statute of limitations tolls when a claim arises from a director's or employee's defalcation and the wrongdoers' control makes discovery impossible. (*San Leandro Canning Co., Inc.* v. *Perillo* (1931) 211 Cal. 482, 487 [295 P.2d 1126]; *Admiralty Fund* v. *Peerless Ins. Co.* (1983) 143 Cal.App.3d 379, 387 [191 Cal.Rptr. 753].) In the record before us the only evidence offered in support of tolling is that Smith remained on the board until December 31, 1985. There is no showing Smith dominated the board, or any control he asserted was "adverse" or fraudulent. Nor is there evidence the Association or any member made a demand Smith institute an action against McMillin, or evidence a demand would have been futile. A demand is necessary unless conspiracy, fraud, or criminal conduct is charged. (See *Reed* v. *Norman* (1957) 152 Cal.App.2d 892, 898 [314 P.2d 204].) Furthermore, by the Association's evidence, Smith was off the board for over 15 months before the statute of limitations expired. We find no basis for equitable tolling of the statute.

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing the superior court to vacate its order denying the motion for summary adjudication of issue and enter a new order granting the motion.

Work, Acting P. J., and Nares, J., concurred.

A petition for a rehearing was denied February 27, 1990, and the petition of real party in interest for review by the Supreme Court was denied April 26, 1990.