Filed 8/8/22; Certified for Publication 9/7/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ZF MICRO SOLUTIONS, INC.,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>TAT CAPITAL PARTNERS, LTD.,<br><br>    Defendant and Respondent. | G060972<br><br>(Super. Ct. No. CV134970)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Santa Clara County, Thang Nguyen Barrett, Judge.  Reversed.

Brian Beckwith; Berger Law Offices and Jeffrey A. Berger for Plaintiff and Appellant.

Jeffer Mangels Butler & Mitchell, Matthew S. Kenefick and Susan Allison for Defendant and Respondent.

## INTRODUCTION

We are called upon here to determine whether a suit for compensatory damages is an action at law or in equity. While this is usually a straightforward call, fiduciary roles and responsibilities complicate it here. ZF Micro Solutions, Inc., the successor of now deceased ZF Micro Devices, Inc., alleges TAT Capital Partners, Ltd., murdered its predecessor by inserting a board member who poisoned it. We hold that while examining the performance of a board member's fiduciary duties will be required, resolution of this claim does not implicate the powers of equity, and it should have been tried as a matter at law.

The sole issue in this appeal by ZF Micro Solutions is whether its cross-complaint against respondent TAT should have been tried to a jury. ZF Micro Solutions alleged that TAT, through its representative on the board of directors of ZF Micro Devices, had destroyed ZF Micro Devices while attempting to take it over and oust its management.

The trial court decided the claim for breach of TAT's fiduciary duty as a director was equitable rather than legal and, after a court trial, entered judgment for TAT. ZF Micro Solutions asserts this was error.

We agree. The "gist" of ZF Micro Solutions' claim against TAT is a request for compensatory damages for destroying its predecessor corporation. There are no equities to weigh, and no other relief is requested. Under settled law concerning the nature of an equitable claim and the nature of a claim at law, this case exhibits all the characteristics of a claim at law. The judgment is therefore reversed.

## FACTS

As the trial court observed, this appeal "is the tail end of litigation involving . . . ZF [Micro] Solutions that began in 2002." There has already been a published opinion in this case, *ZF Micro Devices, Inc. v. TAT Capital Partners, Ltd.* (2016) 5 Cal.App.5th 69 (*ZF*). In that opinion, the Sixth District Court of Appeal

2

reversed a special jury verdict in TAT's favor. (*Id*. at p. 93.) The matter was returned to the trial court, tried again, and has been appealed once more.

To summarize the decades-long litigation history as briefly as possible, the story begins with ZF Micro Devices, founded by David Feldman in 1995 to design and sell a microchip. (*ZF, supra,* 5 Cal.App.5th at p. 74.) TAT, a private equity limited partnership based in Switzerland, invested in ZF Micro Devices shares and, as a result, obtained a seat on its board. This office was filled by two TAT representatives at different times. (*Ibid.*) Due to an inability to obtain funding, ZF Micro Devices closed its doors in February 2002.

In 2002, ZF Micro Solutions, the successor to ZF Micro Devices, (*ZF, supra,* 5 Cal.App.5th at p. 75) sued National Semiconductor Corp. (NAS). The suit was based, among other contentions, on the breach of a contract with ZF Micro Devices for the production of microchips according to a specified design. After a jury trial, the case settled for $20 million. (*Id.* at pp. 74-75.)

TAT then sued ZF Micro Solutions in 2005, alleging that, as a shareholder of the defunct ZF Micro Devices, it was entitled to its pro rata share of the NAS settlement. ZF Micro Solutions cross-complained against TAT, in 2009, on the ground that TAT, through its representative on the ZF Micro Devices board, had breached its fiduciary duty as a corporate director. (*ZF, supra,* 5 Cal.App.5th at pp. 75-76.)

The TAT lawsuit came on for trial in 2009. (*ZF, supra,* 5 Cal.App.5th at p. 76.) Before trial, the court severed the ZF Micro Solutions cross-complaint and consolidated it with yet another case that had been filed against TAT and its representatives. (*Ibid.*)

After a combination court and jury trial, TAT prevailed in its lawsuit regarding its right to a share of the NAS settlement, and the judgment was affirmed. The judgment awarded sizable amounts of monetary damages against Feldman and other defendants. (*ZF, supra,* 5 Cal.App.5th at p. 76.)

This case, the ZF Micro Solutions lawsuit against TAT and its representatives, came on for trial in 2013. The two operative pleadings were a complaint against a TAT representative for breach of his fiduciary duty as a director of ZF Micro Devices and the severed and consolidated cross-complaint from the earlier TAT lawsuit, for breach of fiduciary duty against TAT as the principal of a director. (*ZF, supra,* 5 Cal.App.5th at pp. 76.)

Pursuant to TAT's motion, the court bifurcated the trial to decide a limitations issue first. (*ZF, supra,* 5 Cal.App.5th at p. 77.) TAT asserted that the ZF Micro Solutions' cross-complaint was untimely. The matter was put to the jury, which returned a verdict in TAT's favor. Judgment was entered for TAT on the grounds that both the complaint and the cross-complaint were time-barred. (*ZF, supra,* 5 Cal.App.5th at pp. 77-78.)

ZF Micro Solutions appealed from this judgment on the grounds that (1) the cross-complaint was compulsory, not permissive, and (2) regardless of the nature of the cross-complaint, the time for its filing was tolled by the filing of TAT lawsuit in 2005. (*ZF, supra,* 5 Cal.App.5th at p. 78.)

The reviewing court in *ZF* held the cross-complaint to be permissive, but nonetheless ruled the filing of the TAT lawsuit had tolled the time for filing it. TAT's judgment was reversed, and the matter was remanded to the trial court. (*ZF, supra,* 5 Cal.App.5th at pp. 73, 93.)[1]

That's how we got here. Upon remand, in 2018, the only remaining cause of action was the one in the cross-complaint against TAT alone for breach of fiduciary duty. The sole remedy sought was "actual damages in an amount to be proved at trial." The trial court decided this issue was equitable, not legal, and therefore ZF Micro Solutions was not entitled to a jury trial. After a court trial, judgment was entered in

---

[1] The judgment against another defendant was affirmed. TAT was therefore the only party adverse to ZF Micro Solutions on remand. (*ZF, supra*, 5 Cal.App.5th at p. 93.)

TAT's favor in July 2019.  ZF Micro Solutions has appealed on the ground it was deprived of the jury trial to which it was entitled.

## DISCUSSION

"The right to a jury trial is guaranteed by our Constitution.  [Citation.]  We have long acknowledged that the right so guaranteed, however, is the right as it existed at common law in 1850, when the Constitution was first adopted, 'and what that right is, is a purely historical question, a fact which is to be ascertained like any other social, political or legal fact.' [Citations.]  As a general proposition, '[T]he jury trial is a matter of right in a civil action at law, but not in equity.' [Citations.]" (*C & K Engineering Contractors v. Amber Steel Co.* (1978) 23 Cal.3d 1, 8 (*C & K Engineering*).)  When evaluating whether a claim is legal or equitable, both the right and the remedy are relevant, and both must be evaluated historically.  (*Jogani v. Superior Court* (2008) 165 Cal.App.4th 901, 911.)

"'"'If the action has to deal with ordinary common-law rights cognizable in courts of law, it is to that extent an action at law.  In determining whether the action was one triable by a jury at common law, the court is not bound by the form of the action but rather by the nature of the rights involved and the facts of the particular case – the *gist* of the action.  A jury trial must be granted where the *gist* of the action is legal, where the action is in reality cognizable at law.'" [Citation.]  On the other hand, if the action is essentially one in equity and the relief sought "depends upon the application of equitable doctrines," the parties are not entitled to a jury trial.  [Citations.]'" (*Shaw v. Superior Court* (2017) 2 Cal.5th 983, 995.)  "'The fact that damages is one of a full range of possible remedies does not guarantee . . . the right to a jury. . . .' [Citation.]" (*C & K Engineering, supra,* 23 Cal.3d at p. 9.)

In simplest form, ZF Micro Solutions alleged that TAT, through its representatives on the ZF Micro Devices board, disparaged the corporation's management behind their backs and undermined them to such an extent and so widely

5

that potential sources of funding were scared off.  TAT wanted to get rid of Feldman and his team and to replace them with managers and directors of its choosing, and this was the route it chose to that end.  Because of this campaign, ZF Micro Devices was unable to secure investment money.  It defaulted on a secured loan, and its assets were foreclosed upon.[2]  ZF Micro Solutions asserts it had expert testimony to the effect that the value of the defunct corporation was $77.5 million.[3]

Corporations Code section 309, subdivision (a), requires a director to perform his or her duty "in good faith, in a manner such director believes to be in the best interests of the corporation and its shareholders and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances."  The code section "did not give rise to any *new* liability.  It codified common law principles, in particular the business judgment rule and the 'ordinarily prudent person' standard. . . . [¶] . . . The liability of a corporate fiduciary for wrongful acts and omissions did not come into being solely by virtue of that statute.  Corporations Code section 309 was enacted in 1975.  [Citation.]  A director's fiduciary duty at common law – generally, to act with honesty, loyalty, and good faith – predated the statute by decades." (*Lehman v. Superior Court* (2006) 145 Cal.App.4th 109, 120-121.)

The authorities cited by TAT to the effect that a director's breach of fiduciary duty is an equitable matter deal with a director's fiduciary duty to minority shareholders.  (*Central Laborers' Pension Fund v. McAfee, Inc.* (2017) 17 Cal.App.5th 292, 302; *Interactive Multimedia Artists, Inc. v. Superior Court* (1998) 62 Cal.App.4th 1546, 1549-1550 (*Interactive Multimedia*).)  The remedy for a breach of this duty is unquestionably equitable.  The same is true for the remedy for a breach of duty to

---

[2]    ZF Micro Solutions bought these assets from the foreclosing party.

[3]    We do not have the reporter's transcript of the expert's testimony.  Along with its trial brief, ZF Solutions presented a summary of his pre-money valuation, which ranged from $75 million to $99.5 million.  We have an excerpt from a trial transcript reproduced in appellant's final argument brief in which the expert calculated the equity value of the company in February 2001 at $87.9 million.  Fortunately, we need not determine value to decide the appeal.

6

minority shareholders by majority shareholders, as stated in *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 122, the other authority on which TAT relies. (See, e.g., *Jones v. H. F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 114.) It is equity's special province to come to the aid of the vulnerable, such as shareholders without control over the workings of a corporation in which they have invested who are in danger of being victimized by those in control. (See *Cohen v. Beneficial Industrial Loan Corp.* (1949) 337 U.S. 541, 547-548 [origin of shareholder derivative suit].) Minority shareholders are not in privity with directors, and faithless directors can often contrive to make swindles appear facially legitimate through the operation of corporate mechanisms such as voting at board meetings. (See, e.g., *Wickersham v. Crittenden* (1892) 93 Cal. 17, 24-28.)

In this case, however, the allegedly breached duty is the one that a director owes to a corporation itself. That duty is codified in Corporations Code section 309 but existed in common law long before codification. The parties have not directed us to any published opinion dealing specifically with whether the breach of a director's duty to a corporation as alleged in the cross-complaint is a legal or equitable cause of action, and we have discovered none. In the absence of direct authority on this issue, we are guided by general law regarding distinguishing between legal and equitable claims.

"At early common law, 'legal' causes of action (or 'actions at law') typically involved lawsuits in which the plaintiff sought to recover money damages to compensate for an injury caused, for example, by the defendant's breach of contract or tortious conduct, whereas 'equitable' causes of action (or 'suits in equity') sought relief that was unavailable in actions at law, such as an injunction to prohibit ongoing or future misconduct or an order requiring a defendant to provide specific performance or disgorge ill-gotten gains." (*Nationwide Biweekly Administration, Inc. v. Superior Court* (2020) 9 Cal.5th 279, 293 (*Nationwide*).)

Equity arose to make exceptions when rules of law would work injustice in particular cases or to deal with some novel situation not covered by rules of law. (*Lickiss*

*v. Financial Industry Regulatory Authority* (2012) 208 Cal.App.4th 1125, 1133 (*Lickiss*); *Bechtel v. Wier* (1907) 152 Cal. 443, 446.) As a result, courts of equity "only interpose upon equitable grounds – to do justice when, from their organization or otherwise, the common law tribunals are incapable of rendering it." (*Gregory v. Ford* (1859) 14 Cal. 138, 142.)

Accordingly, when there is an adequate legal remedy, there is no need for equity to step in and therefore no call for equity jurisdiction. Put another way, if the legal remedy of compensatory damages is adequate to do complete justice between the parties, "a proper exercise of equitable jurisdiction will not give equitable relief[.]" (*Morrison v. Land* (1915) 169 Cal. 580, 586.)

Although it is true that a court of equity can award monetary damages, it generally does so in the course of resolving a case with equitable aspects as well as legal. For example, a court of equity can issue an injunction against trespass (equitable) and award damages for past trespass (legal), in the interest of winding up a dispute in one action. As the court put it in *Watson v. Sutro* (1890) 86 Cal. 500, 529, "Why have two suits when one is sufficient?"

"To do equity a trial court must have various options available to it, including that of awarding damages." (*Wolford v. Thomas* (1987) 190 Cal.App.3d 347, 354.) And if the only way to determine the entitlement to compensatory damages is to apply equitable principles, then there is no right to a jury. (*Interactive Multimedia, supra,* 62 Cal.App.4th at p. 1555.) When, however, the remedy is exclusively compensatory damages, and not "'a full range of possible remedies,'" (*C & K Engineering, supra,* 23 Cal.3d at p. 9, quoting *Southern Pacific Transportation Co. v. Superior Court* (1976) 58 Cal.App.3d 433, 437), the issue is most always one of law.[4]

---

[4] We need not deal here with the question of whether a cause of action established by the Legislature is legal or equitable in nature. (See *People v. One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283.)

When it exercises its equitable powers, the court weighs the competing equities on both sides of a dispute. (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 180.) For example, in a case dealing with a request by a securities broker to expunge an unfavorable public record, a court sitting in equity presented with this request must "'weigh the competing equities bearing on the issue'" – the benefit to the individual and the public's interest in full disclosure – "'and then grant or deny relief based on the overall balance of these equities[.]'" (*Flowers v. Financial Industry Regulatory Authority, Inc.* (2017) 16 Cal.App.5th 946, 954, quoting *Lickiss, supra*, 208 Cal.App.4th at pp. 1133-1134.)

In this case, there is but one cause of action – for breach of fiduciary duty – and the remedy requested is exclusively monetary damages. ZF Micro Solutions requests nothing in the way of equitable relief. There is, for example, no request to "disgorge ill-gotten gains" (*Nationwide, supra*, 9 Cal.5th at p. 293), no request to enjoin or unwind. The court is not called upon to balance or weigh the equities. If ZF Micro Solutions proves that TAT's activities destroyed ZF Micro Devices, there are no competing equities on the other side to weigh. TAT does not contend that it was somehow entitled to destroy ZF Micro Devices or that it would have been fair to do so; it contends it was not responsible for the destruction.

TAT's position as a director's principal has somewhat obscured the fundamental nature or "gist" of this case. This is not the typical breach of corporate fiduciary duty case, in which a director or directors have misappropriated corporate funds or have done something or have made the corporation do something to advantage themselves at the expense of some or all of the shareholders. (See, e.g., *Remillard Brick Co. v. Remillard-Dandini Co.* (1952) 109 Cal.App.2d 405, 419-421 and cases cited.) In such cases, a court may well have to weigh the fairness of the disputed transaction to each side or factor the business judgment rule into the analysis. But in this case, TAT, through its representative, allegedly destroyed the corporation by disparaging its

9

management and working behind the scenes to undermine its efforts to obtain financing. Granted, its position on the board of directors gave it a special platform to accomplish this goal, and its desire to replace Feldman gave it a special motivation for its actions. But TAT would be liable to ZF Micro Devices for its destruction by these means even if it were not a board member. The cause of action would simply have had a different label – trade libel or interference with prospective economic advantage, for example.[5] Both of those torts are unquestionably matters for decision by a jury. (See CACI No. 1731 [trade libel instruction under "defamation" category]; CACI No. 2202 [intentional interference with prospective economic advantage instruction].) We believe this action was, too.

We conclude ZF Micro Solutions' claim against TAT was a legal one and therefore required a jury trial as a matter of law.

---

[5]     A cause of action for trade libel includes the following elements: (1) the defendant published a statement that tended to disparage the plaintiff's product or property; (2) the statement was provably false; (3) the defendant either knew the statement was false or acted with reckless disregard for its falsity; and (4) the statement caused actual pecuniary damage. (*Melaleuca, Inc. v. Clark* (1998) 66 Cal.App.4th 1344, 1360-1361.) The elements of a cause of action for interference with prospective economic advantage are "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." (*Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 521-522.) In addition, the defendant's conduct must be "wrongful by some legal measure other than the fact of interference itself." (*Della Penna v. Toyota Motor Sales, U.S.A.* (1995) 11 Cal. 4th 376, 393.)

## DISPOSITION

The judgment is reversed.  Appellant is to recover its costs on appeal.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 9/7/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ZF MICRO SOLUTIONS, INC., | |
| Plaintiff and Appellant, | G060972 |
| v. | (Super. Ct. No. CV134970) |
| TAT CAPITAL PARTNERS, LTD., | ORDER GRANTING REQUEST FOR PUBLICATION |
| Defendant and Respondent. | |

Appellant has requested that our opinion, filed on August 8, 2022, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.



BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2