NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT W. SEIDEN, RECEIVER FOR
CHINA VALVES TECHNOLOGY, INC.,

Plaintiff-Appellant,

v.

FRAZER FROST, LLP; MOORE
STEPHENS WURTH AND TORBERT,
LLP; FRAZER, LLP; and FROST, PLLC,

Defendants-Appellees.

No.   18-56176

D.C. No.
8:18-cv-0588-CJC (KESx)

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 9, 2019
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,[**] District
Judge.

Robert Seiden, Receiver for China Valves Technology, Inc. ("CVVT"),

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward R. Korman, United States District Judge for the
Eastern District of New York, sitting by designation.

appeals the dismissal of his claims against Frazer Frost, LLP; Moore Stephens Wurth and Torbert, LLP; Frazer, LLP; and Frost, PLLC (collectively, "Frazer Frost"). The district court held that Seiden's claims were time-barred by the applicable statutes of limitations. On appeal, Seiden renews his argument that, because CVVT was controlled by wrongdoers until the statutes of limitations ran, his claims against Frazer Frost—CVVT's accounting firm—were equitably tolled until Seiden's appointment as Receiver for CVVT in September 2016. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  This case turns on the proper interpretation of the adverse domination doctrine. As the district court recognized, a corporate plaintiff or its representative (arguing that the statute of limitations should be tolled under the doctrine of adverse domination) must show complete control by its corrupt insiders, such that discovery of their wrongdoing is impossible. *Smith v. Superior Court*, 266 Cal. Rptr. 253, 255 (Ct. App. 1990); *Admiralty Fund v. Peerless Ins. Co.*, 191 Cal. Rptr. 753, 758–59 (Ct. App. 1983); *Burt v. Irvine Co.*, 47 Cal. Rptr. 392, 417 (Dist. Ct. App. 1965). We have held that tolling pursuant to adverse domination is unavailable where discovery of the alleged bad acts is possible, notwithstanding complete control by wrongdoers. *See Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 948 F.2d 556, 565–66 (9th Cir. 1991).

Seiden argues that *California Union* was wrongly decided because it failed to

follow *Whitten v. Dabney*, 154 P. 312 (Cal. 1915), which he claims stands for the proposition that equitable tolling under the doctrine of adverse domination applies whenever a corporation is controlled by corrupt insiders. This argument fails for two reasons. First, even if we agreed with Seiden, a three-judge panel of this court is not at liberty to overrule *California Union*'s construction of California law. Second, we disagree that there is any tension between *Whitten* and *California Union*'s interpretation of the adverse domination doctrine. In *Whitten*, certain shareholders and directors conspired to defraud the corporation they controlled, and "sedulously concealed" their self-dealing from innocent shareholders. 154 P. at 315. On these facts, the California Supreme Court held that director malfeasance tolled the statute of limitations for an innocent shareholder's claim, filed promptly after that shareholder's discovery of the wrongdoing. *Id*. at 314–16. That is perfectly consistent with *California Union*.

Turning to this case, uncontroverted evidence demonstrates that, well within the statute of limitations, CVVT's shareholders discovered or should have discovered the wrongdoing Seiden alleges. Specifically, in 2011, the same year a Citron Research report publicized CVVT's alleged wrongdoing, shareholders sought redress in a class-action lawsuit against both CVVT and Frazer Frost, as well as a derivative lawsuit against CVVT. In 2014, the SEC filed a fraud action against CVVT. As the district court observed, "[t]he SEC had the ability to uncover the facts

relevant to Plaintiff's causes of actions and make them public." *Seiden v. Frazer Frost, LLP*, No. 8:18-00588-CJC (KESx), 2018 WL 6137618, at *6 (C.D. Cal. July 31, 2018). Indeed, all of these actions implicated Frazer Frost in the wrongdoing Seiden now alleges. Accordingly, the district court properly held that adverse domination did not toll Seiden's claims. *Cf. Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 876–79 (9th Cir. 1984).

**2.** The district court also properly held that CVVT shareholders were able to seek redress for the wrongdoing Seiden alleges here. Seiden argues that notwithstanding Frazer Frost's wrongdoing, shareholders had no ability to sue Frazer Frost prior to his appointment as Receiver because Frazer Frost would have had an ironclad *in pari delicto* defense. Seiden is incorrect. Even if Frazer Frost had a plausible *in pari delicto* defense against derivative claims brought by CVVT shareholders, defenses—hypothetical or otherwise—do not toll otherwise applicable statutes of limitations.

**3.** The district court correctly determined that Seiden's failure to plead adverse domination could not be cured by any amendment.

**AFFIRMED**.