NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: ROBERT S. BROWER, Sr.,

        Debtor.

_____

MICHAEL G. KASOLAS, Liquidating
Trustee for the Robert Brower, Sr.
Liquidating Trust,

        Appellant,

  v.

AURORA CAPITAL ADVISORS, et al.,

        Appellees.

No.   23-60022

BAP No. NC-22-1215-FBG

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Brand, and Gan, Bankruptcy Judges, Presiding

Argued and Submitted May 15, 2024
San Francisco, California

Before: S.R. THOMAS, CALLAHAN, and SANCHEZ, Circuit Judges.

     Appellant Michael G. Kasolas, the Trustee for the Robert Brower, Sr.

Liquidating Trust, appeals the Bankruptcy Appellate Panel's ("BAP") order

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

affirming the bankruptcy court's partial dismissal of his adversary complaint seeking avoidance and recovery of post-petition transfers of property.

We review the bankruptcy court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) (citation omitted). To survive a motion to dismiss, a complaint must present cognizable legal theories and sufficient factual allegations to support those theories. *Id.* We also review whether a claim is barred by a statute of limitations de novo. *Avila v. Spokane Sch. Dist. 81*, 852 F.3d 936, 939 (9th Cir. 2017). We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

1. Chapter 11 debtor-in-possession Robert Brower, Sr. ("Brower") caused his wholly owned corporation, Coastal Cypress ("Coastal"), to sell its main asset (the "Wine Estate Property"). Proceeds from the sale of the Wine Estate Property (the "Net Proceeds") were transferred without court approval to Appellees. The Trustee seeks to avoid the transfers under Section 549 of the Bankruptcy Code, which requires the Trustee to show that Brower had a property interest in the Net Proceeds such that they belong to Brower's bankruptcy estate. *See* 11 U.S.C. §§ 541, 549(a). Because the Trustee's second amended complaint ("SAC") fails to plausibly allege that the Net Proceeds constitute estate property, the bankruptcy court properly granted Appellees' motions to dismiss the Trustee's Section 549 and related claims.

2

Under California law, a "shareholder simply has an expectancy in [corporate property or earnings]" and "becomes the owner of a portion of each only when the corporation is liquidated by action of the directors or when a portion of the corporation's earnings is segregated and set aside for dividend payments." *Miller v. McColgan*, 17 Cal. 2d 432, 436 (1941); *see also In re Pettit*, 217 F.3d 1072, 1078 (9th Cir. 2000) (bankruptcy courts must look to state law to determine whether the debtor has any legal or equitable interests in property). Applying this principle, Brower only had an expectancy interest in Coastal's corporate assets, including the Net Proceeds. *Miller*, 17 Cal. 2d at 436. Brower did not have a property right in the Net Proceeds because Coastal did not liquidate or declare a dividend. *Id.*

The Trustee's contention that the sale of the Wine Estate Property constituted a "Liquidation Event" under Coastal's Articles of Incorporation does not alter our conclusion. As the BAP determined, the Trustee's argument conflates liquidation of Coastal's assets with liquidation of Coastal itself. Until the corporation is itself liquidated, Brower's interest in Coastal's assets remained an expectancy interest. *See Miller*, 17 Cal. 2d at 436. The Trustee's argument that Brower's distribution of the Net Proceeds was "akin to a dividend" also fails. A dividend is a surplus, "that which the corporation has set aside from its net earnings or profits to be divided among the stockholders." *Arizona Power Co. v.*

3

*Stuart*, 212 F.2d 535, 539 (9th Cir. 1954). Although the declaration of a dividend creates debts against the corporation in favor of its shareholders, *Stephenson v. Drever*, 16 Cal. 4th 1167, 1177 (1997), it is undisputed that Coastal never declared a dividend.

Nor can the alter ego doctrine serve as the basis for treating Coastal's corporate assets as Brower's personal assets. Under the alter ego doctrine, a court may attribute liability to individual shareholders for the actions of the corporation. *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300-01 (1985). But California courts do not allow third-party creditors to pierce the corporate wall and reach corporate assets to satisfy a shareholder's personal liabilities. *See Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal. App. 4th 1510, 1512-13 (2008); *see also Curci Invs., LLC v. Baldwin*, 14 Cal. App. 5th 214, 222 (2017) (recognizing the availability of "outside reverse veil piercing" but only in the context of limited liability companies, not corporations). Likewise, Brower's control as the sole shareholder of Coastal is insufficient to bring the Net Proceeds within the bounds of the bankruptcy estate. "An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets." *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003). In short, the Trustee has failed to establish that the Net

4

Proceeds constitute estate property. We affirm the bankruptcy court's partial dismissal of the SAC.[1]

2. The Trustee's claim for conversion fails as a matter of law for the same reasons. In California, conversion requires ownership or right to possession of property, wrongful disposition of the property right and damages. *See G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying Services, Inc.*, 958 F.2d 896, 906 (9th Cir. 1992). The Trustee fails to allege that the bankruptcy estate owns or has the right to possess the Net Proceeds, and no wrongful disposition of a property right occurred because Coastal approved the transfer of the Net Proceeds to Appellees.

3. Finally, the Trustee's Section 549 and conversion claims are time-barred. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (dismissal is appropriate where "statute of limitations issues are apparent on the face of the complaint"). A Section 549 claim "may not be commenced after the earlier of – (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed." 11 U.S.C. § 549(d). A claim for conversion is limited to three years. Cal. Civ. Proc. § 338(c)(1). Nearly all

---

[1] The bankruptcy court did not abuse its discretion by partially dismissing the Trustee's SAC without leave to amend given the Trustee's "repeated failure to cure deficiencies by amendments previously allowed." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (cleaned up).

5

transfers the Trustee seeks to avoid occurred more than three years prior to the filing of the original complaint, in violation of the statutes of limitations.

The Trustee asserts that the statutes of limitations were tolled by the Chapter 11 plan in Brower's bankruptcy case, which provides that "[a]ny and all Causes of Action shall survive entry of the Confirmation Order for the benefit of the Debtor's estate and, on and after the Effective Date, for the benefit of the Liquidating Trust and its beneficiaries." We disagree. The plan authorizes the Trustee to bring claims on behalf of the bankruptcy estate, but it does not state or contemplate tolling the statutes of limitations on such claims. The SAC also fails to allege circumstances that justify equitable tolling under the adverse domination doctrine. The adverse domination doctrine permits tolling when an organization's claim arises from a director or employee's wrongdoing and "the wrongdoers' control makes discovery impossible." *Smith v. Superior Ct.*, 217 Cal. App. 3d 950, 954 (1990). Brower's Net Proceed transfers were not "impossible" to discover. *Id.* Indeed, the Trustee was aware of the transfers several years prior to filing the instant action. Thus, the statutes of limitations were not tolled.

**AFFIRMED.**